# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　vs.<br>JORGE FERNANDO OSUNA-VILLA,<br>　　　　　　Defendant. | CASE NO. 18CR3979 WQH<br><br>ORDER |

HAYES, Judge,

The matter before the Court is the Appeal of Detention order (ECF No. 11) filed by Defendant.

## FACTS

On August 28, 2018, Defendant was arrested by a border patrol agent after the agent was notified by the remote video operator that two individuals were climbing over the international fence, approximately nine miles west of the Calexico Port of Entry.

On August 29, 2018, Defendant was brought before a United States Magistrate Judge for an initial appearance. Defendant was appointed counsel. Plaintiff United States moved for an order of detention due to risk of flight. The Magistrate Judge concluded that Defendant was a flight risk based upon his lack of legal status and his prior criminal history. The Magistrate Judge found that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court

- 1 -                                         18cr3979WQH

1 proceedings and ordered detention pending trial..

2 On September 11, 2018, an Indictment was filed charging a misdemeanor in Count 1 unlawful entry by an alien in violation of 8 U.S.C. § 1325 and a felony in Count 2 Attempted entry after Deportation in violation of 8 U.S.C. § 1326.

On October 9, 2018, Defendant filed an appeal of the order of detention. Defendant asserts he is not a flight risk and that a $2,500 cash or corporate surety bond will assure his future appearance. Defendant asserts that his substantial family ties in the United States support his release on bond.

Plaintiff United States filed an opposition to the Defendant's appeal of detention order on the grounds that Defendant remains a flight risk. Plaintiff United States asserts that Defendant has a serious criminal record, including recent drug and weapons charges. Plaintiff United States asserts that Defendant faces a substantial period of time in custody, if convicted, and that Defendant has strong motive to not to appear to face these charges.

On October 22, 2018, the Court held a hearing.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. The evidence in the record must establish the risk of flight by a preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985).

This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant, including the nature and

circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972). While "[a]lienage may be taken into account when determining flight risk under the Bail Reform Act, "it is not determinative." *United States v. Santos-Flores*, 794 F.3d 1008, 1090 (9th Cir. 2015). The Court is required to make an "individualized determination" under the Bail Reform Act. *Id*. at 1091.

## RULING OF THE COURT

In this case, Defendant is charged with the serious felony of attempted reentry resulting in a significant sentencing guideline range. The weight of the evidence is substantial in this prior removal case but the least important factor. Defendant's history and characteristics weigh heavily in favor of detention. Defendant has a serious criminal history, including recent convictions for the sale of methamphetamine and possession of a gun by a prohibited person.

Each of the factors set forth in Section 3142(g) were considered by the Magistrate Judge and reviewed de novo by this Court. The Magistrate Judge reasonably concluded Defendant was a risk of flight based upon his significant criminal history and his lack of legal status. Defendant has a strong motive not to appear in order to avoid a significant period of incarceration and certain deportation. Based upon the record, this Court concludes that the Government has carried its burden to show that there are no conditions of release at this time that will adequately assure the Defendant's presence at future proceedings if he is released.

/ / /

1 | IT IS HEREBY ORDERED that Appeal of Detention order (ECF No. 11) is
2 | denied.
3 | DATED: October 26, 2018

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge